IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HILL, | ) | CASE NO. 1:20CV1799 |
| aka DAVID TYRONE HILL | ) | |
| aka DAVID T. HILL, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Petitioner, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| WARDEN CHARMAINE BRACY, *et al.*, | ) | **REPORT AND RECOMMENDA-TION RE  RESPONDENTS' MO-TION  TO  DISMISS  AND/OR TRANSFER** |
| | ) | |
| | ) | |
| Respondents. | ) | |

**I.**

The mere possibility of freedom through federal habeas law can tempt state prisoners to take several stabs at obtaining post-conviction relief.  Sometimes this makes sense.  For example, changes in the law can create new grounds for habeas relief.  Sometimes this doesn't make sense.  For example, rehashing the same failed arguments with no new law to point to will result in the same denial of relief.

The law takes into account not only these different scenarios but other interests as well, such as the need for finality in criminal judgments.  Otherwise, that temptation to take another stab at freedom by filing yet another habeas petition would continue unabated.  This would be especially true for prisoners serving long sentences who already may be

1

inclined to ignore the wise counsel of legal writing experts who champion concise, uncluttered writing in court submissions.[1]

One way the law balances these different interests is to impose stringent requirements on second or successive habeas petitions.  If the prisoner's second or successive petition doesn't meet these requirements, the law does not permit this Court to review the petition.  Moreover, the law has designated the Court of Appeals as the decision-maker who authorizes review of a second or successive petition.  Without its permission, this Court lacks jurisdiction to review a prisoner's second or successive petition, regardless of merit.

This is David Hill's fourth federal habeas petition.[2]  He is incarcerated in the Trumbull Correctional Institution for a total of 28½ years resulting from convictions in four cases.  The respondents, the prison warden and the Ohio Attorney General, argue that I need not reach the petition's merits.  Instead, I should recommend that Hill's newest petition be dismissed and/or transferred to the Court of Appeals as a second or successive habeas corpus application.[3]

Because I find that Hill's petition is a second or successive habeas corpus application, Hill must first seek authorization from the Court of Appeals before his petition can be heard.  Furthermore, because Hill has not sought that authorization, I recommend that his fourth petition be transferred to the Court of Appeals for a determination by that

---

[1] *See*, *e.g.*, B. GARNER, THE WINNING BRIEF, 2d ed. (2003).
[2] ECF #1.
[3] ECF #9.

Court as to whether his petition meets the stringent requirements before I review it.

## II.

Normally, adjudication of a habeas petition under 28 U.S.C. § 2254 starts out with a long discussion of the facts of the petitioner's state criminal case and the grounds for relief in the habeas petition.  In this instance, though, federal law regarding second or successive petitions is the guiding light.  I, therefore, start with an abbreviated rendition of the facts to provide some context and then move on to my analysis and recommendation under applicable law.

*Hill's criminal cases.*  On August 3, 2005,  after considerable litigation at all levels of Ohio's court system, a trial judge resentenced Hill to 28½ years of imprisonment.[4]  This sentence arises from four cases.  Details of three of the four cases are in the respondents' pending motion.[5]

*Case#1—CR-03-432856.*  The first case involves a shooting on the east side of Cleveland on August 10, 2002.[6]  Antoinette Polk and some friends were at her brother's house.  Polk and Hill had had a previous sexual relationship, but earlier that afternoon, they got into a verbal altercation.  Polk claimed Hill hit her with his hand and she threw a beer bottle at him.  Hill left the house but later returned with a gun.  Others at the house saw Hill had a gun and was pointing it in Polk's direction.  A person at the house pushed Polk out of the way of the gunfire, but ended up himself getting shot several times but not fatally.

---

[4] ECF #9-1, at 517, 518.
[5] ECF #9, at 2-4.
[6] ECF #9-1, at 14-17.

*Case #2—CR-02-430754.* The second case occurred at the same location during the early morning hours the following day.[7]  Hill again returned to the scene with a gun, wounded both Polk and another individual who were taking out the trash when Hill approached them.

The trial judge consolidated Case #1 and Case #2 for trial.[8]  A jury convicted Hill of two counts of felonious assault with firearm specifications, one count of carrying a concealed weapon (from the indictment in the first case), and two counts of attempted murder with firearm specifications (from the indictment in the second case).[9]

*Case #3—CR-02-430213.* The third case arose two and a half months later at the end of October 2002 when police stopped Hill for running a red light.[10]  Instead of complying with the officers, Hill led the police on a high-speed chase and then on foot. While on foot, Hill shot at one of the officers.  The police eventually caught up with Hill, and arrested him behind a shed in a residential neighborhood.  A jury convicted Hill of one count of felonious assault with specifications, one count of failure to comply with a police order, and one count of carrying a concealed weapon.[11]

*Case #4—CR 04-451972.* Hill's 28½-year sentence is also based on a fourth criminal case.[12]  The half-year portion of the sentence arises from a two-count conviction

---

[7] ECF #9, at 3; ECF #9-1, at 13.
[8] ECF #9-1, at 25, 587, 595.
[9] *Id.* at 34, 36.
[10] *Id.* at 8-9.
[11] *Id.* at 23.
[12] *Id.* at 517, 518.

in August 2004 for assaulting a corrections officer.[13]  Hill does not raise any post-conviction claim associated with this case in any of his past or current federal habeas petitions.

*Hill's federal habeas petitions.*  As I mentioned, Hill has been before this Court on three earlier occasions pursuant to 28 U.S.C. § 2254.  Each of these petitions relates in one way or another to the first three criminal cases above.

*Case No. 1:05CV1173.*  Hill filed his first federal habeas petition on May 10, 2005.[14] He challenged his convictions and sentences from Case #1, Case #2, and Case #3 involving the shooting incidents on August 10 and 11, 2002 and the police pursuit on October 29, 2002.[15]  When I recommended on March 10, 2006 that the grounds of his petition be dismissed,[16] Hill objected and then filed a motion to dismiss his petition without prejudice.[17]  Hill's first petition thus ended on November 21, 2006 when the District Judge granted his motion and dismissed the petition without prejudice.[18]  Hill appealed months before this final order, but voluntarily dismissed his appeal the same day he filed it.[19]

*Case No. 1:11CV35.*  Hill filed his second federal habeas petition on January 5, 2011.[20]  In this petition, Hill challenged his convictions and sentence from Case #3

---

[13] *See* https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=5K5-mGmg7nNq7FesvOeblAg2, last accessed on 8/26/21.
[14] ECF #9-1, at 480-89.
[15] *Id.* at 480.
[16] *Id.* at 508.
[17] *Id.* at 617.
[18] *Id.* at 516, 617.
[19] *Id.* at 617, 632.
[20] *Id.* at 526-34.

involving the police pursuit on October 29, 2002.[21]  I recommended that this petition be dismissed, because Hill was (and still is) not in custody pursuant to the state court judgment he identified in his petition.[22]  I made this recommendation, because on May 3, 2006, the Ohio Supreme Court vacated the sentence in Case #3 and remanded for resentencing[23] in light of its ruling in *State v. Foster*[24] where the Court held that statutes requiring judicial findings prior to the imposition of maximum, non-minimum, or consecutive sentences violated the Sixth Amendment right to a jury trial on facts relied upon in enhancing the sentence.  At the time I made my recommendation (and still today[25]), the trial court had not yet resentenced Hill,[26] who apparently has refused to speak to his attorney.[27]

I based my recommendation in that case on 28 U.S.C. § 2254, which requires a prisoner who challenges his detention to be "in custody pursuant to the judgment of a State court."[28]  The respondents argue this same ground in their pending motion to dismiss and/or transfer as to Hill's claims challenging the convictions and sentence in Case #3.[29]  I address this point below.

On February 3, 2012, the District Judge adopted my report and recommendation

---

[21] *Id.* at 526.
[22] *Id.* at 545.
[23] *Id.* at 292, 294.
[24] *State v. Foster*, 2006-Ohio-856, 109 Ohio St. 3d 1, 845 N.E.2d 470.
[25] *See* https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=Qt2-A9bz6L5DzQ0y8ndjlHA2, last accessed on 8/26/21.
[26] ECF #9-1, at 576.
[27] *Id.* at 634.
[28] 28 U.S.C. § 2254(a) and (b)(1).  *See* ECF #9-1, at 544.
[29] ECF #9, at 23.

over Hill's objections, and dismissed Hill's second petition.[30] The District Judge also declined to issue a certificate of appealability.[31] Hill did not appeal this ruling.

*Case No. 1:11CV307.* Hill filed his third federal habeas petition on February 11, 2011—slightly more than a month after having filed his second petition.[32] In this petition, Hill ostensibly challenged his convictions and sentence from Case #2 involving the attempted murders on August 11, 2002. Recall that the state trial judge consolidated Case #1 and Case #2 for purposes of trial. Although Hill's third petition initially identifies the docket number only for Case #2 as the judgment of conviction he is challenging,[33] only three of the 17 grounds in his third petition (Grounds Five, Six, and Seven[34]) allege specific errors related to Case #2 alone. Two other grounds (Grounds Three and Four[35]) allege specific errors related to Case #1 as well as Case #2. The other 12 grounds allege errors without specifying either Case #1 or Case #2 but are presumably applicable to both since the trial judge consolidated the two cases for purposes of trial.[36]

On January 17, 2012, I recommended that Hill's third habeas petition be dismissed because it was time-barred.[37] Because Hill failed to timely object, the District Judge adopted my report and recommendation, and dismissed Hill's third petition.[38] The District

---

[30] ECF #9-1, at 553.
[31] *Id.* at 554.
[32] *Id.* at 555-64.
[33] *Id.* at 555.
[34] *Id.* at 560.
[35] *Id.*
[36] *Id.* at 559, 561.
[37] *Id.* at 565-73.
[38] *Id.* at 574-75.

Judge also certified that an appeal could not be taken in good faith, thus finding no basis upon which to issue a certificate of appealability.[39] Hill did not appeal this ruling.

*Hill's fourth habeas petition.* In his newest petition, Hill challenges the initial conviction and sentencing orders from 2003 associated with Case #1, Case #2, and Case #3.[40] He asserts four grounds for habeas relief that comprise a mix of old, repeated claims (sometimes verbatim or nearly so) from earlier petitions, reworded claims, and some new claims.[41] Some of his claims are difficult to decipher because of his uncounseled prose and because he is challenging three separate cases in one petition and does not identify which grounds or subparts apply to which cases. Some are self-evident, but certainly not all. I address in Part III below these aspects of Hill's newest petition.

*Summarizing the litigation history.* There are many threads to follow in adjudicating the pending motion to dismiss and/or transfer. The table below summarizes the indicted charges and provides the case numbers associated with each case's history. It includes only those cases Hill challenges in his newest habeas petition. Following these threads is important in the next step of my analysis where I apply the relevant federal law to the pending dispositive motion.

---

[39] *Id.* at 575.
[40] ECF #1, at 2-4.
[41] *Id.* at 24-34, 12-15.

8

|  | Trial Court | Appellate Court | Ohio Supreme Court | Federal Court (Habeas) | Current Sentence |
|---|---|---|---|---|---|
| ***Case #1 from Aug. 10, 2002:*** felonious assault with specs (3 cts), weapon under disability (1 ct), CCW (1 ct), and attempted murder with specs (2 cts). | CR-03-432856 (Case #1) consolidated with CR-02-430754 (Case #2) | CA-04-084846; CA-04-084887; CA-06-089163 | 2005-0965 | 1:05CV1173; 1:11CV307 | 3 years (actual sentence is a total of 9 years, but 6 years run concurrently with the sentence in Case #2) |
| ***Case #2 from Aug. 11, 2002:*** attempted aggravated murder with specs (2 cts), and weapon under disability (1 ct). |  |  |  |  | 13 years |
| ***Case #3 from Oct. 29, 2002:*** felonious assault with specs (2 cts), failure to comply (1 ct), CCW (1 ct), drug possession (1 ct), and drug trafficking (1 ct). | CR-02-430213 | CA-03-083078; CA-04-084683 | 2004-0805; 2005-0890 | 1:05CV1173; 1:11CV35 | 12 years (on May 3, 2006, the Ohio Supreme Court remanded the case for resentencing) |

## III.

*Proper Respondent for Petition.* Before I begin my analysis of the pending motion, I address one procedural issue regarding one of the respondents Hill names in his petition, Warden Lashann Eppinger.[42] According to the website of the Ohio Department of Rehabilitation and Correction, the current warden of the Trumbull Correctional Institution

---

[42] *Id.* at 1.

is Charmaine Bracy.[43]

Section 2243 of the United States Code, Title 28 provides that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained." It further requires that "[t]he person to whom the writ or order is directed shall make a return certifying the true cause of the detention." This statute is needed for habeas relief to work. The respondent must be the person with the ability to produce the petitioner before the Court.[44]

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."[45]

Fed. R. Civ. P. 25 authorizes the remedy to rectify party alignment. The rule allows the substitution of parties under various circumstances, such as when an interest is

---

[43] *See* https://www.drc.ohio.gov/tci, last accessed on 8/19/21.
[44] *See*, *e.g.*, *Cedeno v. Gray*, No. 1:17CV949, 2018 WL 10150931, at *1 (N.D. Ohio Mar. 27, 2018), *report and recommendation adopted,* No. 1:17CV949, 2019 WL 6841797 (N.D. Ohio Dec. 16, 2019), *appeal dismissed,* No. 20-3098, 2020 WL 1951668 (6th Cir. Mar. 12, 2020).
[45] *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885) (emphasis added) and citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973)).

transferred or when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office. Because I have no reason to question the accuracy of the ODRC's website, substitution of the proper respondent is appropriate. Warden Bracy is, therefore, the proper respondent in this case.

*Federal law on second or successive habeas corpus applications.* Federal habeas law distinguishes between a prisoner's first habeas petition and others that follow The Anti-Terrorism and Effective Death Penalty Act required this Court to review Hill's first habeas petition. "The Supreme Court, a Justice thereof, a circuit judge, or a district court *shall* entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[46]

This required review applies only to a prisoner's first petition. "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction. . . . But after that, the road gets rockier. To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements."[47]

That rocky road starts with 28 U.S.C. § 2244(a). If § 2254 requires a federal court to review a first petition, § 2244 generally prohibits a repeat review.

---

[46] 28 U.S.C. § 2254(a) (emphasis added).
[47] *Banister v. Davis*, ___ U.S. ___, 140 S. Ct. 1698, 1704 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010), and quoting 28 U.S.C. § 2244(b)(3)(C)).

(a)  No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.[48]

These key provisions suffice to show just how difficult the road is for Hill.  But these gatekeeping provisions don't apply at all if Hill's fourth petition is not a second or successive habeas corpus application.  In fact, if I decide that Hill's fourth petition is not a second or successive habeas corpus application, "then § 2244(b)'s requirements never come into the picture."[49]  Even though the Court of Appeals is the gatekeeper for second

---

[48] 28 U.S.C. § 2244(a)-(b)(3)(A).

[49] *Banister*, 140 S. Ct. at 1705 (holding that a motion under Fed. R. Civ. P. 59(e) to alter or amend a habeas court's judgment does not count as a second or successive habeas application).

or successive habeas corpus applications, the initial decision of whether Hill's newest petition falls into this category rests with the District Court.[50]

So, is Hill's fourth habeas petition a second or successive habeas corpus application? Bracy believes so at least for a portion of Hill's petition.[51]  Hill opposes Bracy's motion with three separate opposition briefs, though he never takes direct aim at Bracy's position.[52]  I must bring more law into the picture before deciding which side is right.

Congress left a lot of unanswered questions and undefined terms in AEDPA.  One of the terms it chose not to define is "second or successive."  "[I]t is well settled that the phrase does not simply 'refe[r] to all § 2254 applications filed second or successively in time.'"[53]  Consequently, "not all second-in-time petitions are 'second or successive.'"[54] Moreover, I cannot use just the chronology of filings to determine whether a petition is second or successive.  "Chronology here is by no means all."[55]

One important guidepost is that this term of art "must be interpreted with respect to the judgment challenged."[56]  That makes sense.  After all, prisoners seeking post-conviction relief under 28 U.S.C. § 2254 can only challenge the state court judgment that

---

[50] *In re Smith*, 690 F.3d 809 (6th Cir. 2012).
[51] ECF #9, at 20-22.
[52] ECF #12, #13, and #14.
[53] *Magwood*, 561 U.S. at 332 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)).
[54] *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (quoting *Panetti*, 551 U.S. at 944).
[55] *Banister*, 140 S. Ct. at 1705.
[56] *Magwood*, 561 U.S. at 333; *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017), *cert. denied sub nom. Tibbets v. Jenkins*, ___ U.S. ___, 138 S. Ct. 661 (2018).

keeps them in custody.[57]  This guidepost means that the category of second or successive

habeas applications does not include a second application raising a claim that would have

been unripe had the petitioner presented it in his or her first application.[58]  It does not

include a second application premised on a newly ripened claim that had been earlier

dismissed as premature.[59]  It does not include a second application the petitioner filed after

the district court had dismissed without prejudice the first one for failure to exhaust state

remedies.[60]  It does not include an amended petition filed after the initial one but before

judgment.[61]  It does not include an appeal from the habeas court's judgment or a subsequent

petition to the Supreme Court arising from the initial habeas application.[62]  It also does not

include a second-in-time petition if the events giving rise to the claim had not yet occurred

when the petitioner filed his or her original petition.[63]

      Two additional guideposts help us answer whether Hill's pending habeas petition is

a second or successive habeas application.  Courts ask whether the later-in-time petition

would constitute an abuse of the writ.[64]  A petition falls into the category of being a second

---

[57] 28 U.S.C. § 2254(a) ("an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court").  *See also Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005) (a habeas case "seeks invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement").

[58] *Panetti*, 551 U.S. at 947.  *See also In re Stansell*, 828 F.3d 412, 415 (6th Cir. 2016).

[59] *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998).

[60] *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

[61] *Banister*, 140 S. Ct. at 1705.

[62] *Banister, id.*

[63] *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010).

[64] *Banister*, 140 S. Ct. at 1705.  *See also Felker v. Turpin*, 518 U.S. 651, 664 (1996) (upholding the gatekeeping provisions of 28 U.S.C. § 2244, and recognizing the abuse-of-the-writ doctrine as " 'a complex and evolving body of equitable principles' ") (quoting *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).

or successive application "when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect."[65]  Courts also consider AEDPA's own purposes when deciding whether a second-in-time petition is a second or successive habeas application.[66]  The stringent requirements 28 U.S.C. § 2244 imposes on second or successive habeas applications are intended to conserve judicial resources, reduce piecemeal litigation, and lend finality to state court judgments within a reasonable time.[67]  Not surprisingly, this section of the United States Code is captioned "Finality of determination."

*Hill's fourth petition as second or successive.*  In adjudicating Hill's second and third habeas petitions, I rejected the argument that they were second or successive habeas corpus applications.  I did so then because the District Judge had dismissed Hill's first habeas petition without prejudice.[68]

This time is different.  Although Hill's first habeas petition cannot serve as the first petition to trigger the gatekeeping provisions of 28 U.S.C. § 2244(b),[69] his second and third petitions do.  Hill's newest petition challenges the judgments of conviction and sentencing orders in the three criminal cases stemming from the August 10, August 11, and October

---

[65] *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (citing *McCleskey*, 499 U.S. at 489).  *See also In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018).

[66] *Banister*, 140 S. Ct. at 1706.

[67] *See Banister, id.*; *Panetti*, 551 U.S. at 945–46; *Stewart*, 523 U.S. at 644.

[68] ECF #9-1, at 543, 573.

[69] *See, e.g.*, *Slack*, 529 U.S. at 478 (holding that a habeas petition dismissed without prejudice for failure to exhaust state remedies does not trigger the gatekeeping provisions with regard to later-in-time habeas petitions).

29, 2002 crimes.[70]  His second habeas petition already challenged the judgment and sentence from Case #3 involving the October crimes, and his third habeas petition already challenged the judgments and sentences from consolidated Case #1 and Case #2 involving the August crimes.  Moreover, the resentencing orders of August 3, 2005 in the consolidated cases[71] are now final and have not been altered or successfully appealed since.[72]  In other words, Hill is now trying to challenge a second time the same judgments and sentencing orders associated with the August crimes that he unsuccessfully challenged in this Court in 2011—a textbook example of a second or successive petition.

The picture is somewhat more complicated for the October crimes but not by much. And the result is the same.  The District Judge dismissed Hill's second habeas petition because the judgment of conviction and sentencing order Hill was challenging in that petition were not the ones keeping him in custody.  Recall that in 2006, the Ohio Supreme Court ordered that Case #3 be remanded for resentencing.[73]  When the District Judge dismissed Hill's second habeas petition, Hill had not yet been resentenced.  He still hasn't been.[74]

Bracy agrees that Hill's newest petition is a second or successive petition as it relates to claims associated with Case #1 and Case #2.  Bracy, however, asks me to recommend that the portion of Hill's petition dealing with the October crimes (Case #3) be dismissed

---

[70] ECF #1, at 3.
[71] ECF #9-1, at 517, 518.
[72] *See* ECF #9-1, 592, 608, 611.
[73] *Id.* at 292, 294.
[74] ECF #9, at 21-22; ECF #9-1, at 576.

for the same reasons the District Judge dismissed Hill's second habeas petition in 2012. That is, because Hill is not in custody pursuant to a final order.[75]  Bracy acknowledges that Hill has failed to exhaust his state court remedies, and that an avenue for relief in state courts remains for Hill to pursue.[76]  Bracy does not want these proceedings to be stayed, however.[77]  Hill hasn't sought to be resentenced since the Ohio Supreme Court's 2006 order remanding Case #3 for resentencing.  Nothing in the record suggests things have changed.

Were I to follow Bracy's argument to its logical conclusion, I would be recommending that some ill-defined portion of Hill's newest petition be dismissed while the rest of the petition is transferred to the Court of Appeals.  The District Judge may or may not adopt the same recommendation as before.  And Hill could then again do nothing about the unexhausted claim as to the sentence in Case #3—and later possibly file a fifth petition rehashing the same arguments as before.  Hill might bank on repeating this process long enough for the law to change or the presiding judges to change or both.

That result directly conflicts with the abuse-of-the-writ doctrine that underlies the gatekeeping provisions.  A petitioner violates that doctrine when a later-in-time petition raises a claim that could have been raised in the first petition but was not either due to deliberate abandonment or inexcusable neglect.[78]  That result also runs contrary to

---

[75] ECF #9, at 22-23.
[76] *Id.* at 23.
[77] *Id.* at 25.
[78] *See In re Bowen*, 436 F.3d at 704; *In re Wogenstahl*, 902 F.3d at 627.

AEDPA's aim of conserving judicial resources, reducing piecemeal litigation, and lending finality to state court judgments within a reasonable time.[79]

Nothing in the law compels Bracy's bifurcated approach.  Moreover, nothing has changed with regard to the judgment of conviction or the Ohio Supreme Court's order in Case #3 since 2006.  Five years went by before Hill again challenged that judgment and order in this Court in his second habeas petition.  Now a decade later he wants a third chance to make the same challenge with no material changes in the law or facts.

AEDPA's complexity[80] must not obscure the obvious.  If a prisoner files a habeas petition asserting a claim, the District Court dismisses that petition with prejudice, and the prisoner then refiles the same claim or a reasonable facsimile of it years later with no intervening material changes in the law or facts to point to, the second petition is plainly that—a second petition.  How the initial petition was dismissed—whether on the merits, as untimely, or on some other ground—doesn't change the fact that the later-in-time petition repeating the same claim is a second petition.  That's when AEDPA's gatekeeping provisions are supposed to come into play.

Bracy's bifurcated approach also raises a jurisdictional conundrum.  I lack jurisdiction to review and adjudicate Hill's newest petition until the Court of Appeals

---

[79] *See Banister*, 140 S. Ct. at 1706; *Panetti*, 551 U.S. at 945–46; *Stewart*, 523 U.S. at 644.
[80] *See, e.g., Williams v. Burt*, 949 F.3d 966, 972 (6th Cir.), *cert. denied*, ___ U.S. ___, 141 S. Ct. 276 (2020) ("Part and parcel of federal habeas corpus litigation is an accompanying bevy of procedural rules and requirements, from myriad common law standards to a variety of federal statutes.  While familiar to the federal courts, application of this body of authority is not always easy or straightforward.") (citing *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir.), *cert. denied*, 560 U.S. 945 (2010) (describing the landscape surrounding habeas procedural bars as a "complicated and changing area of law")).

authorizes the filing.  Yet Bracy would have me review and adjudicate a portion of Hill's newest petition by dismissing it on grounds that one of the orders Hill is challenging has been vacated.  It is unclear where my jurisdiction to do that would come from.  It is safe to assume that many second or successive petitions include claims that could be dismissed for a variety of reasons.  The gatekeeping provisions of 28 U.S.C. § 2244, however, apply equally to meritorious and non-meritorious petitions, to petitions subject to partial or full dismissal and those that are not.  In all these situations, the first step is to get authorization from the Court of Appeals.

Two other facts and some additional law persuade me that the better approach is to recommend that Hill's entire fourth petition be considered a second or successive petition and transferred to the Court of Appeals.  First, I cannot determine a way to divide neatly Hill's petition so that some of it is transferred to the Court of Appeals and some of it is dismissed.  Bracy argues that Ground One and Ground Three of Hill's fourth petition relate to his convictions and sentences in Case #1 and Case #2, and that Ground Two relates to his convictions and sentence in Case #3.[81]  Presumably, the portion of Hill's new petition that includes Ground One and Ground Three would be transferred to the Court of Appeals as a second or successive habeas corpus application; and Ground Two would be dismissed on the same arguments used a decade ago to dismiss Hill's second petition.

Problem is, the division Bracy seems to suggest is not at all clean upon closer inspection.  For example, Ground One of Hill's new petition includes multiple claims that

---

[81] ECF #9, at 21, 23.

deal with Case #3 and can be found almost verbatim in Hill's second petition, which dealt with Case #3.[82]  In addition, Bracy never comments in his motion on Ground Four, which is a broad claim asserting a denial of constitutional rights under the Due Process Clause of the Fourteenth Amendment "when the abuse of discretion by certain individuals who has [sic] usurped the process(es) due."[83]  This ground is very similar to portions of Ground One[84] and portions of Ground Two.[85]  It could in fact be read to apply to all three criminal cases.

Second, there is immense—often verbatim or near verbatim—overlap between the claims Hill asserts in his newest petition and his previous second and third petitions.[86]  His newest petition includes some new wording of similar claims found in his earlier second and third petitions and what appear to be some new claims.  Hill never explains, however, why the new claims were not raised in 2011 or why his neglect in this regard should be excused.  Not to consider his entire fourth petition as a second or successive habeas corpus application would be to allow him to do precisely what AEDPA tries to prohibit: obtain a second review on the same or similar claims as to the same judgment and sentencing order in the absence of any changed facts, circumstances, or law.

Furthermore, Hill fails to show how any of his new claims (or the rewording of previous claims) rely on a new rule of constitutional law or rely on a factual predicate that

---

[82] *Compare* ECF #1, at 24-26 with ECF #9-1, 529-31.
[83] ECF #1, at 32.
[84] *Id.* at 24.
[85] *Id.* at 28-29.
[86] *Compare* ECF #1, at 24-26 with ECF #9-1, 529-31; ECF #1, at 28-30 with ECF #9-1, 532; ECF #1, at 30, 12-15 with ECF #9-1, at 559-61.

could not have been discovered previously through the exercise of due diligence.[87]  Hill's newest petition is piecemeal litigation.  Worse, it is repetitive piecemeal litigation.  And AEDPA frowns upon repeat claims and other claims that unnecessarily tax judicial resources.[88]

Hill knew in 2005 that he had an exhaustion issue associated with Case #3, because his appeal was still pending in the Ohio Supreme Court.  Even though he had not fully exhausted his avenue for state court relief by 2011 (and still hasn't done so), he chose to proceed by filing his second habeas petition.  In so doing, he ran a risk that future petitions related to Case #3 would need to get authorization from the Court of Appeals before being filed.  He took that risk when he filed the second habeas petition and the District Judge adjudicated it in February 2012.  "Generally, a state prisoner may not bring a second federal habeas petition without permission from the court of appeals, even if the second petition raises claims that had not been exhausted at the time of the first habeas petition. . . . Instead, at the time of the first petition, if the petition is not held in abeyance, the petitioner must either forgo unexhausted claims, or voluntarily dismiss the then-exhausted claims so as later, once all the claims have been exhausted, to bring all the claims together."[89]

---

[87] *See* 28 U.S.C. § 2244(b)(1) and (b)(2).
[88] *See*, *e.g.*, 28 U.S.C. § 2244(b)(1) ("[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed"); 28 U.S.C. § 2254(b)(2) (allowing District Courts to deny an application for a writ of habeas corpus on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
[89] *In re Sosa*, 391 F. App'x 472, 474 (6th Cir. 2010) (citing 28 U.S.C. § 2244(b)(3), *In re Bowen*, 436 F.3d at 704–05, and *Burton v. Stewart*, 549 U.S. 147, 154 (2007) (per curiam)).

Hill's first habeas petition was a mixed petition containing both exhausted and unexhausted claims.  The claims relating to the sentencing order in Case #3 were ripe but unexhausted.  As a general rule, District Courts should dismiss mixed petitions,[90] which then gives the petitioner two options.

The first option is to withdraw the mixed petition, exhaust the remaining claims, and then return to the District Court with a fully exhausted petition.  This approach allows the petitioner to avoid the stringent requirements for second or successive petitions.[91]

The second option is riskier.  "[P]risoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles."[92]  The petitioner who takes this risk cannot later assert that a subsequent petition is not second or successive "precisely because his new claims were unexhausted at the time he filed his first petition."[93]  Bracy's proposed bifurcated approach would in effect exempt Hill from this risk, but nothing in the record before me justifies that exemption.  Hill knew in 2005 that he had a ripe but unexhausted claim.  He nevertheless chose not to exhaust it and instead reasserted it and similar claims in a petition six years later.  His newest petition that repeats these claims is, again, a textbook example of a second or successive petition.

For these reasons, I find that Hill's fourth petition is a second or successive habeas corpus application in its entirety.  Transfer of the petition to the Court of Appeals is the

---

[90] *Rose v. Lundy*, 455 U.S. 509, 520-22 (1982) (plurality opinion).
[91] *Burton*, 549 U.S. at 154 (citing *Slack*, 529 U.S. at 485–86).
[92] *Burton*, *id.* (citing *Rose*, 455 U.S. at 520–21, and *Slack*, 529 U.S. at 486–87).
[93] *Burton*, *id.*

appropriate remedy rather than dismissing the petition.[94]  Accordingly, to the extent Bracy's motion seeks to transfer to the Court of Appeals Hill's fourth petition as a second or successive habeas corpus application, I recommend that that motion be granted.

## IV.

*Other Pending Motions.*  Two months after filing his newest petition, Hill filed a motion captioned "Motion for Court to Refer Magistrate to Dig Beneath the Conclusional Allegations, to Reduce the Level of Abstraction Upon Which the Claim Rest."[95]  Every judicial officer has a duty to review the record on which decisions are made.  That review often includes digging to find facts that may underlie conclusory allegations.  And from that process, each of us in his or her own way attempts to reduce the level of abstraction inherent in the law so that our decisions are understandable.  In his motion, though, Hill asks for an evidentiary hearing.[96]  In light of my recommendation to grant Bracy's motion, an evidentiary hearing can take place only if the Court of Appeals authorizes Hill's second habeas corpus application to be filed in this Court.  Otherwise, I lack jurisdiction over Hill's newest petition.  For that reason, I recommend that Hill's motion be denied as moot.

Similarly, as part of his opposition to Bracy's motion, Hill moves pursuant to Fed. R. Civ. P. 12(e) for a more definite statement as to the grounds for dismissal.[97]  If I were

---

[94] *Harris v. Bracy*, No. 18-3757, 2019 WL 3824187, at *3 (6th Cir. Jan. 31, 2019), *cert. denied*, ___ U.S. ___, 140 S. Ct. 604 (2019) (citing *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005), and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).
[95] ECF #5.
[96] ECF #5-1, at 1.
[97] ECF #11.

to include Bracy's dispositive motion under Rule 12(e)'s rubric of "pleading," it would still be improper to grant Hill's motion.  Bracy's motion is hardly "so vague or ambiguous that the party cannot reasonably prepare a response."[98]  Any perceived lack of clarity on Hill's part did not prevent him from opposing Bracy's motion, in fact with three opposition briefs.[99]  Nevertheless, in light of my finding that his newest petition is a second or successive habeas corpus application, I lack jurisdiction to hear Hill's claims.  Accordingly, I recommend that his motion for a more definite statement be denied as moot in light of my recommendation to grant Bracy's motion.

## V.

Bracy is correct that Hill's fourth petition falls within the category of a second or successive habeas corpus application.  The rationale of the motion, though, applies to Hill's newest petition in its entirety.  Accordingly, for the foregoing reasons, I recommend that Bracy's motion to dismiss and/or transfer[100] be granted insofar as I recommend that Hill's fourth petition in its entirety be transferred to the Court of Appeals for a decision pursuant to 28 U.S.C. § 2244(b)(3)(A)-(D) regarding authorization to file that petition in this Court. I further recommend that Hill's motion requesting that I dig beneath conclusory allegations and reduce the legal of abstraction on which the claims rest[101] and his motion for a more definite statement[102] by denied as moot in light of my recommendation to grant Bracy's

---

[98] Fed. R. Civ. P. 12(e).
[99] ECF #12, #13, #14.
[100] ECF #9.
[101] ECF #5.
[102] ECF #11.

motion.  Finally, I recommend that Warden Charmaine Bracy be substituted for Warden
Lashann Eppinger as one of the respondents in this case.


Dated: August 31, 2021                                   s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice.  Failure to file timely objections within the specified time shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.[*]

---

[*] *See* Local Rule 72.3; *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).