UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HILL, | ) | CASE NO. 1:20CV1799 |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| CHARMAINE BRACY, Warden,[1] et al. | ) | MEMORANDUM OF |
| | ) | OPINION AND ORDER |
| Respondents. | ) | |

**CHRISTOPHER A. BOYKO, S.J.:**

This matter is before on the court on Magistrate Judge William H. Baughman, Jr.'s Report and Recommendation (Doc. 15) to grant Respondents' Motion to Transfer (Doc. 9) and to dismiss as moot Petitioner's Motion to Dig Beneath Allegations (Doc. 5) and Motion for a More Definitive Statement (Doc. 11). The Magistrate Judge also recommended that the Court substitute Respondents to reflect the change of Wardens at Trumbull Correctional Institution. Ultimately, the Magistrate Judge recommended the Court transfer Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) to the Sixth Circuit for authorization to file a second or successive habeas application. Objections to the Report and Recommendation were due by September 14, 2021. Petitioner has not filed an objection to the Report and Recommendation and there is no indication that Petitioner did not receive the Report and Recommendation.

---

[1] The new warden at Trumbull Correctional Institution is Charmaine Bracy and thus the proper Respondent in this case. (https://drc.ohio.gov/tci, last accessed September 15, 2021).

Federal Rule of Civil Procedure 72(b) provides that objections to a report and recommendation must be filed within fourteen days after service. Fed. R. Civ. P. 72(b)(2). Petitioner has failed to timely file any such objection. Therefore, the Court must assume that Petitioner is satisfied with the Magistrate Judge's recommendation. Any further review by this Court would be duplicative and an inefficient use of the Court's limited resources. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Instead of filing an Objection, Petitioner filed three procedural motions: 1) Motion to Give Notice of a New Warden (Doc. 16); 2) Motion for Status Confirmation and Appointment of Counsel (Doc. 17); and 3) Motion Attaching Notarized Documents demonstrating the State Court's concealment of information (Doc. 18). The Court **GRANTS** Petitioner's Motion to substitute Respondent Bracy for Respondent Eppinger, in agreement with the Magistrate Judge's recommendation. But for the similar reasons the Magistrate Judge outlines in his Recommendation for the treatment of Petitioner's other pending Motions (Docs. 5 & 11), the Court **DENIES AS MOOT** Petitioner's Status Motion (Doc. 17) and Document Motion (Doc. 18).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Doc. 15); **GRANTS** Respondents' Motion to Transfer (Doc. 9); **TRANSFERS** Petitioner's Petition to the Sixth Circuit for authorization to file a second or successive petition; and **DENIES AS MOOT** Petitioner's Motion to Dig Beneath Allegations (Doc. 5) and Motion for a More Definitive Statement (Doc. 11).

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of

appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: September 15, 2021**