UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID HILL**, | ) | CASE NO. 1:20-CV-01799-CAB |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| **KENNETH BLACK**, *et al.* | ) | **OPINION AND ORDER** |
| | ) | |
| Respondents. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

      This matter is before on the court on the Magistrate Judge's Report and Recommendation (Doc. 30) to order Hill to File a Corrected Habeas Petition (Doc. 1) and to Deny as Moot or Premature six of Hill's Motions. (Docs. 23-26, 28, 29.) The Magistrate Judge also recommended Kenneth Black, the warden of the facility in which Hill is incarcerated, be substituted as a proper Respondent in this case. Hill filed his Objection to the Report and Recommendation (Doc. 32) and Respondent's filed their Response. (Doc. 34.) After the Report and Recommendation was issued, Hill filed a Motion Showing Law for the Magistrate to Use in Making Determination on the Petition for Habeas Corpus Writ. (Doc. 33.) That motion is also ripe for review.

      For the reasons that follow, the Court **ADOPTS** the Report and Recommendation, **DENIES** Hill's pending motions as **MOOT** and **ORDERS** Hill to submit a corrected petition that specifies only the judgment being challenged for the first time and conforms to the form prescribed by this

1

District. Warden Kenneth Black is **SUBSTITUTED** for Warden Charmaine Bracy as Respondent in this case.

## PROCEDURAL HISTORY

Between 2005 and 2020, Hill filed four 28 U.S.C. § 2254 habeas corpus petitions related to his convictions. On August 13, 2020, Hill filed the most recent, a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his state court criminal conviction in Cuyahoga County Court of Common Pleas Case No. CR 430213 and the consolidated cases: Nos. CR 430754, CR 432856, and CR 451972 ("Consolidated Cases"). (Doc. 1.) The matter was referred to a Magistrate Judge who issued a report and recommendation that the petition be transferred to the Court of Appeals in its entirety as a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A)-(D). (Doc. 15.) On September 15, 2021, the Court adopted the Report and Recommendation, transferred the entire petition to the Sixth Circuit and denied as moot Hill's then pending motions. (Doc. 19.)

On April 5, 2022, the Sixth Circuit issued its decision finding to the extent Hill's petition relates to Case No. CR 430213, Hill's petition is not a second or successive petition. (Doc. No. 22). The Sixth Circuit also determined that to the extent Hill's petition relates to the Consolidated Cases, Hill's petition is a successive petition and Hill is not authorized to file another habeas petition related to those cases. (*Id.*) The Sixth Circuit then transferred Hill's petition to the extent it relates to No. CR 430213 back to this Court. (*Id.*). In doing so, the Sixth Circuit acknowledged that Hill's petition does not clearly delineate between its challenges to No. CR 430213 and the Consolidated Cases. The Sixth Circuit noted that, in these situations:

> [a] court should then order a petitioner "to submit a corrected petition" that specifies only the judgment being challenged for the first time in a habeas petition and "substantially" conforms to the form prescribed by the local district court. See Rules Governing § 2254 Cases 2(b)–(e), advisory committee notes to 2004 amendments.

2

(*Id.*)

After return from the Sixth Circuit, Hill filed six motions. (Documents 23-26, 28 and 29.) The Court referred the matter to a Magistrate Judge for report and recommendation on pending motions. The Magistrate Judge issued the Report and Recommendation (Doc. 30), Hill filed his Objection to the Report and Recommendation (Doc. 32) and Respondent's filed their Response. (Doc. 34.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See also *Powell v. United States,* 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). This Court's review is predicated, however, on a proper objection. Fed. R. Civ. P. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") In the absence of a proper objection, the Court need only review the Report and Recommendation for clear error. *Travis v. Smith,* No. 1:09-cv-2187, 2011 U.S. Dist. LEXIS 40727, at *1 (N.D. Ohio Apr. 14, 2011) (citation omitted).

## LAW & ANALYSIS

Respondent argues that Hill's objections relate to the merit of his claims and not to the Magistrate Judge's recommendation that Hill submit a corrected petition. (Doc. 34.) The Court agrees.

Hill's Objection places the cart before the horse. The Magistrate Judge, following the guidance of the Sixth Circuit, recommended that the Court order Hill to submit a corrected

3

habeas corpus petition that specifies only the judgment being challenged for the first time, i.e., a habeas petition related only to CR 430213. Hill objects that his "petition is directed to the sentence and not his conviction" (Doc. 32) and that the facts of his case demonstrate "abuse of discretion and structural error." (*Id.*) His objection is not responsive to the Magistrate's recommendation and instead appears to advance the argument he would make in a corrected petition related only to CR 430213. That does not constitute a proper objection entitled to de novo review.

Due to a lack of proper objection, the Court need only review the Report and Recommendation for plain error. The Court has reviewed the detailed, thorough Report and Recommendation, which succinctly describes the considerable litigation related to Hill's convictions and search for habeas relief, the recent Sixth Circuit decision, and the motions pending before the Court. The Court has reviewed the Report and Recommendation for clear error and finds none.

## Conclusion

Accordingly, the Court **ADOPTS** the Report and Recommendation. (Doc. 30.) Hill **SHALL SUBMIT** a corrected petition which limits his claims only to Case No. CR 430213. Hill's currently pending motions (Doc Nos. 23-26, 28, 29 and 33) are **DENIED AS MOOT.** Further, Warden Kenneth Black is **SUBSTITUTED** for Warden Charmain Bracy in this matter.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

4

IT IS SO ORDERED.

    /s  Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge

Dated: February 1, 2023